UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHAN SCOTT ANDERSON,

        **Plaintiff,**

        v.                                   08-C-0248

**OFFICER KLUG,
SERGEANT HANSON,
JAMES SCHWOCHERT,
and MICHAEL BECK,**

        **Defendants.**

## DECISION AND ORDER

Plaintiff, Jonathon Scott Anderson, filed this *pro se* civil rights action pursuant to 42 U.S.C. 1983. This matter comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. If the plaintiff does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of his trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the

average monthly deposits to or the average monthly balance in the trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the one-month period immediately preceding the filing of his complaint. Pursuant to this court's order dated March 31, 2008, the plaintiff has been assessed and paid an initial partial filing fee of $0.16. Thus, the plaintiff's motion to proceed *in forma pauperis* will be granted. The remainder of the filing fee will be collected as set forth below.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

2

construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id*. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**A. Background**

The plaintiff, a state prisoner, was incarcerated at Dodge Correctional Institution (DCI) at all times relevant. The defendants are all employed at DCI. Defendant Schwochert is the Deputy Warden of DCI. Defendant Klug is employed as a property officer at DCI. Defendant Hanson is a correctional officer at DCI. Defendant Beck is a DCI institutional complaint examiner.

On December 5, 2007, defendant Hanson brought the plaintiff his property that had been left at Milwaukee County Jail. At that time, the plaintiff noticed that the following religious publications were not among the items transferred from jail: (1) *The Poetic Edda*; (2) *The Prose Edda*; and (3) *Futhark*. When the plaintiff inquired as to the whereabouts of his books, defendant Hanson replied that because they were not the Bible or the Koran, they were not allowable religious texts. Defendant Hanson then threw the plaintiff's books in the garbage.

The plaintiff asserts that his books are Asatru pagan religious texts and that they were destroyed because paganism is not a monotheistic faith and the defendants wanted to break his "will to survive happily." (Compl. at 4). On December 6, 2007, the plaintiff filed an inmate complaint asserting that defendant Hanson violated his constitutional rights. He also asked to be compensated for the value of the destroyed publications. Defendant Schwochert reviewed the complaint and instructed the plaintiff to submit receipts for the destroyed books. Thereafter, defendant Beck determined that the plaintiff should be reimbursed $23.22 for the cost of his publications.

The plaintiff avers that the defendants only compensated him for one-quarter of the cost of his books. He also alleges that they violated his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). For relief, he demands monetary damages, declaratory and injunctive relief and a jury trial.

**B.     Analysis**

  **1.     First Amendment and RLUIPA Claims**

The plaintiff asserts that the defendants denied him possession of his pagan religious texts. The First Amendment's Free Exercise Clause protects a prisoner's right to practice his religion as long as doing so does not unduly burden the institution. *Richards v. White*, 957 F.2d 471, 474 (7th Cir. 1992). A prison regulation that infringes upon an inmate's free exercise rights may be valid "'if it is reasonably related to legitimate penological interests,'" *Alston v. DeBruyn*, 13 F.3d 1036, 1039 (7th Cir. 1994) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)); *see also Al-Alamin v. Gramley*, 926 F.2d 680, 685 (7th Cir. 1991) (DOC "need only make reasonable efforts to afford inmates an opportunity to practice their faith"). On the other hand, "RLUIPA forbids...prisons that receive federal funding to burden a prisoner's exercise of religion substantially unless the prison both has a compelling interest and employs the least restrictive means possible for protecting that interest." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003). "[T]o state a claim under RLUIPA a Wisconsin prisoner need allege only that the prison has substantially burdened a religious belief[.]" *Id.* at 1110.

In the present case, the plaintiff alleges that his religious texts were arbitrarily withheld and destroyed. It is unclear at this stage of the proceedings whether such actions are supported by any state interest(s). Thus, the plaintiff has stated claims under the First Amendment and RLUIPA.

### 2. Fourteenth Amendment Claim

The plaintiff alleges that he was not adequately compensated for the cost of his destroyed religious publications. The Due Process Clause of the Fourteenth Amendment "provides that certain substantive rights – life, liberty, and property – cannot be deprived except pursuant to constitutionally adequate procedures." *Germano v. Winnebago County*, 403 F.3d 926, 928 (7th Cir. 2005) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985)). Thus, an individual is entitled to an opportunity for a hearing before the state permanently deprives him of his property. *Parratt v. Taylor,* 451 U.S. 527, 540 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). However, a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the state fails to provide an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Wisconsin law provides tort remedies to individuals whose property has been converted or damaged by another. *See* Wis. Stat. §§ 893.34 and 893.51. If a deprivation of property did not occur as the result of some established state procedure (which the plaintiff does not allege) and state law provides an adequate post-deprivation remedy for redressing

6

the missing property, due process has been satisfied. *Parratt,* 451 U.S. at 543-44; *see also Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996) (holding that Wisconsin's post-deprivation procedures are adequate, albeit in a different context). Thus, the plaintiff has failed to state a claim premised on the Fourteenth Amendment's Due Process Clause.

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed *in forma pauperis* (Docket # 3) is **granted.**

**IT IS FURTHER ORDERED** that the plaintiff's claim alleging violations of the Fourteenth Amendment's Due Process Clause are **dismissed** pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

**IT IS ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $349.84 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 25th day of April, 2008.

**SO ORDERED,**

s/Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**